IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LILIA ROBERSON<br>Plaintiff,<br><br>VS.<br><br>COUNTRYWIDE HOME LOANS INC.<br>BANK OF NEW YORK<br>AS TRUSTEE FOR CERTIFICATE<br>HOLDERS CWABS, INC. ASSET<br>BACKED CERTIFICATES,<br>SERIES 2006-1<br><br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. CA 08 79 ML |

**COMPLAINT**

**INTRODUCTION**

1. This action seeks redress against Countrywide Home Loans Inc. (hereinafter "Countrywide") and Bank of New York, the beneficial owner and Trustee of a certain asset backed certificate which holds a mortgage entered into between the Plaintiff and Countrywide for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.23.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28

U.S.C. § 1391( c).

## PARTIES AND FACTS

4. Plaintiff Lilia Roberson resides at [illegible] Providence Rhode Island, 02908.

5. On or about December 23, 2005, Plaintiff Roberson obtained a loan from Countrywide, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

6. The above referenced transaction is subject to the TILA.

## DEFENDANTS

7. At the time of the refinance transaction referenced above, Countrywide entered into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

8. Countrywide is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

9. Bank of New York is the trustee and beneficial owner of the asset backed certificates which hold the mortgage and note entered into between Plaintiff and Countrywide. As assignee and now holder of the mortgage between Plaintiff and Countrywide, Bank of New York is responsible for all claims for rescission.

## COUNT I - TRUTH IN LENDING ACT

10. Plaintiff incorporates ¶¶ 1-9 as if fully set out herein.

11. Because the refinance transaction referenced herein was secured by the Plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that

home, it was subject to the right to cancel provided by 15 U.S.C. §1635, Regulation Z, 12 C.F.R. §226.23. § 1635(a).

12. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23, and requires that "**a creditor shall deliver <u>two copies</u> of the notice of the right to rescind <u>to each consumer entitled to rescind</u>**" (Emphasis added). More specifically, the regulation provides:

> **In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**
>
> **(i) The retention or acquisition of a security interest in the consumer's principal dwelling.**
>
> **(ii) The consumer's right to rescind the transaction.**
>
> **(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**
>
> **(iv) The effects of rescission, as described in paragraph (d) of this section.**
>
> **(v) The date the rescission period expires.** (12 C.F.R. § 226.23(b)(1).)

**DEFECTIVE NATURE OF DISCLOSURES**

13. In connection with the Plaintiff's loan, Countrywide failed to provide the Plaintiff a copy of the TILA disclosure and the appropriate number of copies of her Notice of Right to Cancel the transaction in violation of 15 U.S.C. §1635, Regulation Z, 12 C.F.R. §226.23.

14. Therefore, Plaintiff is entitled to rescind her mortgage and has given notice of her intention to rescind to Countrywide and Bank of New York. Both entities have ignored her

request to rescind.

15. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 for the failure of a holder or owner to honor or acknowledge the request to rescind a mortgage.

**WHEREFORE**, Plaintiff request that the Court enter judgment in favor of Plaintiff and against Defendants as follows:

1. A declaration that Plaintiff is entitled to rescind;
2. Rescission of the loan;
3. Statutory damages;
4. Attorney's fees, litigation expenses and costs.
5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre Bar #4019
Claude Lefebvre, Christopher Lefebvre P.C.
Lefeblaw@aol.com
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)

**JURY DEMAND**
Plaintiff demands trial by jury

Christopher M. Lefebvre