UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LILIA ROBERSON<br>Plaintiff,<br><br>VS.<br><br>COUNTRYWIDE HOME LOANS INC., BANK OF NEW YORK AS TRUSTEE FOR CERTIFICATE HOLDERS CWABS, INC. ASSET BACKED CERTIFICATES, SERIES 2006-1<br>Defendants | : | C.A. NO.: 08-79ML |

**ANSWER OF DEFENDANT, BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWL, INC. ASSET-BACKED CERTIFICATES, SERIES 2006-1, TO PLAINTIFF'S COMPLAINT**

Defendant, Bank of New York as Trustee for the Certificateholders CWL, Inc. Asset-Backed Certificates, Series 2006-1 ("Bank of New York"), by way of its Answer to Plaintiff, Lilia Roberson's ("Plaintiff" and/or "Roberson") Complaint in the above-entitled matter, states as follows. These responses are made without waiving, but expressly reserving, all rights that Bank of New York has to file dispositive motions addressed to all or any aspect of the claim asserted in the Complaint.

"INTRODUCTION"

1. Paragraph 1 consists of legal argument and conclusions of law that require no answer. To the extent that Paragraph 1 alleges facts, they are denied.

"JURISDICTION AND VENUE"

2. Paragraph 2 consists of legal argument and conclusions of law that require no answer. To the extent that Paragraph 2 alleges facts, they are denied.

3. Paragraph 3 consists of legal argument and conclusions of law that require no answer. To the extent that Paragraph 3 alleges facts, they are denied.

"PARTIES AND FACTS"

4. Bank of New York lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Bank of New York admits so much of Paragraph 5 as alleges that on or about December 23, 2005, Plaintiff Roberson obtained a loan from Countrywide, secured by her residence. Bank of New York has insufficient information to form a belief as to the truth of the remainder of Paragraph 5.

6. Paragraph 6 consists of legal argument and conclusions of law that require no answer. To the extent that Paragraph 6 alleges facts, they are denied.

"DEFENDANTS"

7. Admitted.

8. Paragraph 8 consists of legal argument and conclusions of law that require no answer. To the extent that Paragraph 8 alleges facts, they are denied.

9. Upon information and belief, Bank of New York admits so much of Paragraph 9 as alleges that the Bank of New York is the Trustee of certificate holders CWL, Inc. asset backed certificates, Series 2006-1. Bank of New York has insufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 9.

"COUNT I – TRUTH IN LENDING ACT"

10. Bank of New York repeats its responses to the allegations contained in Paragraphs 1 through 9 of the Complaint and, by this reference, incorporates them herein.

11. Admitted.

12. Paragraph 12 consists of legal argument and conclusions of law that require no answer. To the extent that Paragraph 12 alleges facts, they are denied.

13. Denied.

14. Denied.

15. Paragraph 15 consists of legal argument and conclusions of law that require no answer. To the extent that Paragraph 15 alleges facts, they are denied.

The remainder of the Complaint consists of requests for relief that require no answer.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim for rescission is barred by the Plaintiff's failure to give timely and proper notice of her intent to rescind.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim for rescission is barred by the Plaintiff's inability to tender back the proceeds of the loan.

## FIFTH AFFIRMATIVE DEFENSE

Bank of New York cannot be liable under the TILA because no TILA violations were apparent on the face of the documents assigned.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because Bank of New York acted in good faith at all times.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred because she has suffered no actual damages as a result of any acts of omissions by Bank of New York or its co-defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred by the doctrines of waiver, estoppel, laches and/or unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred because she consented to, approved of, and/or ratified the transaction that forms the basis of her claim.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred because Bank of New York has acted in compliance with all relevant laws, at all relevant times.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred because she voluntarily entered in and accepted the benefits of the transaction at issue.

**TWELTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages, if any, were caused by persons or entities other than Bank of New York, for whom Bank of New York was not, and is not legally responsible.

**THIRTEETH AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages, if any, were proximately caused in whole or in part, or were contributed to, by reason of Plaintiff's (or her agent's) own fault, want of due care, or other conduct.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred as the result of the acts or conduct of third parties over whom Bank of New York had no control and is not responsible.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred because she was provided with disclosures about the terms of the subject mortgage loan transaction in advance.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Bank of New York is not liable, derivatively or otherwise, for the alleged conduct of other persons or entities in connection with the subject transaction.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff is in default and/or owes any obligation to Bank of New York, Bank of New York is entitled to a set-off against any liability to the Plaintiff.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Bank of New York reserves the right to assert additional affirmative defenses, as the grounds for them become known.

WHEREFORE, Bank of New York respectfully requests that this Court enter judgment dismissing the Complaint with prejudice, awarding Bank of New York reasonable costs and attorneys' fees incurred in defense of this action, and granting Bank of New York such other and further relief as this Court deems just and proper.

Respectfully submitted,

Defendant,
Bank of New York as Trustee for the
Certificateholders CWL, Inc. Asset-
Backed Certificates, Series 2006-1

By its attorneys,

***/s/ Dean J. Wagner, Esquire***

Dean J. Wagner, Esq. (#5426)
Shechtman Halperin Savage, LLP
1080 Main Street
Pawtucket, RI 02860
(401) 272-1400 Telephone
(401) 272-1403 Facsimile

Dated: July 10, 2008

**CERTIFICATE OF SERVICE**

***I HEREBY CERTIFY*** that a true and correct copy of the foregoing Answer was served via electronic mail and/or first class mail, postage-prepaid this 10th day of July, 2008 to the following counsel of record:

Christopher M. Lefebvre, Esquire
Law Offices of Claude Lefebvre & Sons
2 Dexter Street
P.O. Box 479
Pawtucket, RI 02862

***/s/ Danielle M. Smith***