UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LILIA ROBERSON<br>Plaintiff,<br><br>VS.<br><br>COUNTRYWIDE HOME LOANS INC., BANK OF NEW YORK AS TRUSTEE FOR CERTIFICATE HOLDERS CWABS, INC. ASSET BACKED CERTIFICATES, SERIES 2006-1<br>Defendants | : | C.A. NO.: 08-79ML |

**ANSWER OF DEFENDANT, COUNTRYWIDE HOME LOANS, INC. TO PLAINTIFF'S COMPLAINT**

Defendant, Countrywide Home Loans, Inc. ("Countrywide"), by way of its Answer to Plaintiff, Lilia Roberson's ("Plaintiff" and/or "Roberson") Complaint in the above-entitled matter, states as follows. These responses are made without waiving, but expressly reserving, all rights that Countrywide has to file dispositive motions addressed to all or any aspect of the claim asserted in the Complaint.

"INTRODUCTION"

1. Paragraph 1 consists of legal argument and conclusions of law that require no answer. To the extent that Paragraph 1 alleges facts, they are denied.

"JURISDICTION AND VENUE"

2. Paragraph 2 consists of legal argument and conclusions of law that require no answer. To the extent that Paragraph 2 alleges facts, they are denied.

3. Paragraph 3 consists of legal argument and conclusions of law that require no answer. To the extent that Paragraph 3 alleges facts, they are denied.

"PARTIES AND FACTS"

4. Countrywide lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Countrywide admits so much of Paragraph 5 as alleges that on or about December 23, 2005, Plaintiff Roberson obtained a loan from Countrywide, secured by her residence. Countrywide has insufficient information to form a belief as to the truth of the remainder of Paragraph 5.

6. Paragraph 6 consists of legal argument and conclusions of law that require no answer. To the extent that Paragraph 6 alleges facts, they are denied.

"DEFENDANTS"

7. Admitted.

8. Paragraph 8 consists of legal argument and conclusions of law that require no answer. To the extent that Paragraph 8 alleges facts, they are denied.

9. Upon information and belief, Countrywide admits so much of Paragraph 9 as alleges that the Bank of New York is the Trustee of certificate holders CWL, Inc. asset backed certificates, Series 2006-1. Countrywide has insufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 9.

"COUNT I – TRUTH IN LENDING ACT"

10. Countrywide repeats its responses to the allegations contained in Paragraphs 1 through 9 of the Complaint and, by this reference, incorporates them herein.

11. Admitted.

12. Paragraph 12 consists of legal argument and conclusions of law that require no answer. To the extent that Paragraph 12 alleges facts, they are denied.

13. Denied.

14. Denied.

15. Paragraph 15 consists of legal argument and conclusions of law that require no answer. To the extent that Paragraph 15 alleges facts, they are denied.

The remainder of the Complaint consists of requests for relief that require no answer.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claim for rescission is barred by the Plaintiff's failure to give timely and proper notice of her intent to rescind.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for rescission is barred by the Plaintiff's inability to tender back the proceeds of the loan.

**FIFTH AFFIRMATIVE DEFENSE**

Countrywide cannot be liable under the TILA because no TILA violations were apparent on the face of the documents assigned.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred because Countrywide acted in good faith at all times.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred because she has suffered no actual damages as a result of any acts of omissions by Countrywide or its co-defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred by the doctrines of waiver, estoppel, laches and/or unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred because she consented to, approved of, and/or ratified the transaction that forms the basis of her claim.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred because Countrywide has acted in compliance with all relevant laws, at all relevant times.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred because she voluntarily entered in and accepted the benefits of the transaction at issue.

**TWELTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages, if any, were caused by persons or entities other than Countrywide, for whom Countrywide was not, and is not legally responsible.

**THIRTEETH AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages, if any, were proximately caused in whole or in part, or were contributed to, by reason of Plaintiff's (or her agent's) own fault, want of due care, or other conduct.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred as the result of the acts or conduct of third parties over whom Countrywide had no control and is not responsible.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred because she was provided with disclosures about the terms of the subject mortgage loan transaction in advance.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Countrywide is not liable, derivatively or otherwise, for the alleged conduct of other persons or entities in connection with the subject transaction.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff is in default and/or owes any obligation to Countrywide, Countrywide is entitled to a set-off against any liability to the Plaintiff.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Countrywide reserves the right to assert additional affirmative defenses, as the grounds for them become known.

WHEREFORE, Countrywide respectfully requests that this Court enter judgment dismissing the Complaint with prejudice, awarding Countrywide reasonable costs and attorneys' fees incurred in defense of this action, and granting Countrywide such other and further relief as this Court deems just and proper.

Respectfully submitted,

Defendant,
COUNTRYWIDE HOME LOANS, INC.

By its attorneys,

***/s/ Dean J. Wagner, Esquire***
Dean J. Wagner, Esq. (#5426)
Shechtman Halperin Savage, LLP
1080 Main Street
Pawtucket, RI 02860
(401) 272-1400 Telephone
(401) 272-1403 Facsimile

Dated: July 10, 2008

**CERTIFICATE OF SERVICE**

***I HEREBY CERTIFY*** that a true and correct copy of the foregoing Answer was served via electronic mail and/or first class mail, postage-prepaid this 10th day of July, 2008 to the following counsel of record:

Christopher M. Lefebvre, Esquire
Law Offices of Claude Lefebvre & Sons
2 Dexter Street
P.O. Box 479
Pawtucket, RI 02862

***/s/ Danielle M. Smith***